```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

DURO TEXTILES, LLC,           )
    Plaintiff,                )
                              )
        v.                    )         Civ. A. No. 13-10927-MLW
                              )
SUNBELT CORPORATION,          )
    Defendant.                )

<u>MEMORANDUM AND ORDER</u>

WOLF, D.J.                                                   March 31, 2014

I.   BACKGROUND

Plaintiff Duro Textiles, LLC ("Duro"), a Delaware corporation, is in the business of producing and distributing textile products. According to Duro's complaint, in November, 2011, Duro ordered and received a large amount of blue dye from defendant Sunbelt Corporation ("Sunbelt"). Sunbelt is a South Carolina corporation. Duro alleges that when it used Sunbelt's dye in its production process, random blue spots appeared on its product. As a result, Duro claims, it sustained losses totaling over $550,000. Duro asserts causes of action in breach of contract, breach of the implied covenant of good faith and fair dealing, and negligent misrepresentation.

Sunbelt moves to dismiss. It asserts that an invoice that it sent to Duro included a forum selection clause that confers on the state or federal courts of South Carolina exclusive jurisdiction over any disputes arising under the contract

between the parties. This invoice was sent to Duro along with Sunbelt's shipment of dye and also, separately, by United States mail. According to Sunbelt, the forum selection clause became part of the contract under the so-called "battle of the forms" provision of the Uniform Commercial Code, which has been enacted into law in Massachusetts as Massachusetts General Laws ch. 106, §2-207.

Duro opposes the motion to dismiss, arguing that the forum selection clause is not part of the parties' contract. Duro argues, first, that the forum selection clause "materially altered" the terms of the contract and, therefore, was not incorporated into the contract under §2-207. In addition, Duro contends that the contract between the parties was perfected before Sunbelt's invoice was delivered to Duro. Duro states that it "understands" that Sunbelt's invoice was delivered several days after the shipment of dye had arrived. Finally, Duro argues that the forum selection clause is not enforceable because it was printed in an inconspicuous, "clandestine" fashion on the back of Sunbelt's invoice.

II. ANALYSIS

The First Circuit "treat[s] a motion to dismiss based on a forum selection clause as a motion alleging the failure to state a claim for which relief can be granted under Rule 12(b)(6)."

Rivera v. Centro Medico De Turabo, Inc., 575 F.3d 10, 15 (1st Cir. 2009); Sanchez v. Lasership, Inc., Civ. No. 11-10990-MLW, 2012 WL 1565343, at *3 (D. Mass. Apr. 30, 2012). Forum selection clauses are "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." The Bremen v. Zapata Off Shore Co., 407 U.S. 1, 10 (1971); Farrington v. Centrust Mortgage Corp., Civ. No. 88-2633-WF, 1989 WL 120698 (D. Mass. Oct. 2, 1989). "To establish that a particular choice-of-forum clause is unreasonable, a resisting party must present evidence of fraud, undue influence, overweening bargaining power or such serious inconvenience in litigating in the selected forum that it is effectively deprived of its day in court." Fireman's Fund American Insurance Co. v. Puerto Rican Forwarding Co., Inc., 492 F.2d 1294, 1297 (1st Cir. 1974); C. Pappas Co., Inc. v. E & J Gallo Wine Gallery, 565 F. Supp. 1015, 1017 (D. Mass. 1983).

Duro's position is not that the forum selection clause on which Sunbelt relies is "unreasonable," however, but that this clause is not part of the contract between the parties. The parties' submissions assume that the scope of their contract is governed by Massachusetts law, and the court accepts this assumption for present purposes.

Under Massachusetts law, where a contractual provision is presented to a buyer in a seller's invoice, the analysis of whether that provision becomes part of the sales contract is governed by §2-207. See Ionics, Inc. v. Elmwood Sensors, Inc., 110 F.3d 184 (1st Cir. 1997); JOM, Inc. v. Adell Plastics, Inc., 193 F.3d 47 (1st Cir. 1999) (en banc). This section provides, in part, that if a seller's "written confirmation . . . is sent within a reasonable time," a contract is formed, and "[t]he additional or different terms are to be construed as proposals for addition to the contract." §2-207(1). Between "merchants," these additional or different terms:

> become part of the contract unless:
> (a) the offer expressly limits acceptance to the terms of the offer;
> (b) they materially alter it; or
> (c) notification of objection to them has already been given or is given within a reasonable time after notice of them is received.

§2-207(2). Duro and Sunbelt tacitly agree that they are each a "merchant," namely "a person who deals in goods of the kind or otherwise by his occupation holds himself out as having knowledge or skill peculiar to the practices or goods involved in the transaction . . . ." Mass. Gen. Laws ch. 106, §2-104(1).

Duro's primary argument is that Sunbelt's forum selection clause "materially altered" the contract and, therefore, was not

4

incorporated into it. The official comments to §2-207 "advise that a new term proposed by the seller is a 'material alteration' where it would 'result in [unreasonable] surprise or hardship [to the buyer] if incorporated without [the buyer's] express awareness.'" JOM, 193 F.3d at 59 (alterations in original). These comments are "illustrative only." Id. "Ultimately, whether a term is material should be judged in the specific context of all relevant facts and circumstances. Thus, what is appropriate is a fact specific, case-by-case analysis . . . ." Sibcoimtrex, Inc. v. Am. Foods Grp., Inc., 241 F. Supp. 2d 104, 109 (D. Mass. 2003); see also Winter Panel Corp. v. Reichhold Chemicals, Inc., 823 F. Supp. 963, 971 (D. Mass. 1993).

The parties have not cited, and the court has not identified, any binding precedent that examines, under Massachusetts law, whether a forum selection clause materially alters a contract. In general, however, "courts have considered forum selection clauses to be material." Sibcoimtrex, 241 F. Supp. 2d at 110. The Southern District of New York has explained that:

> [T]he [forum selection] clause proposes that defendant is required to give up the right it would otherwise enjoy, to [sue or] be sued where it is doing business, or in the state of its principal office, and consent to [sue or] be sued in an adjoining state. A

> reasonable merchant would probably regard this as a material alteration.
>
> There are still subtle differences between the courts in various states. Certainly the jurors are selected from different economic, political and social backgrounds, which may affect their attitudes even in commercial matters. Counsel other than the party's regular attorney may be needed, at additional expense. The bench and bar has always regarded choice of forum as a significant right. . . . [A] party, by agreeing to such a change, "waives in large part many of his normal rights under the procedural and substantive law of the state, and it would be unfair to infer such a significant waiver on the basis of anything less than a clear indication of intent."

Gen. Instr. Corp. v. Tie Mfg., Inc., 517 F. Supp. 1231, 1235 (S.D.N.Y. 1981) (quoting Nat'l Mach. Exch., Inc. v. Peninsular Equip. Corp., 431 N.Y.S.2d 948 (Sup. Ct. N.Y. 1980)). The conclusion that a forum selection clause materially alters a contract has also been reached by various other courts under the laws of various other jurisdictions. See Metro. Alloys Corp. v. State Metal Indus., Inc., 416 F. Supp. 2d 561, 565-67 (E.D. Mich. 2006); Prod. Comp'ts., Inc. v. Regency Door & Hardware, Inc., 568 F. Supp. 651, 654 (S.D. Ind. 1983); Galaxy Int'l, Inc. v. White Stores, Inc., 88 F.R.D. 311, 321 (W.D. Pa. 1980); TRE Servs., Inc. v. U.S. Bellows, Inc., Civ. No. 12-00663, 2012 WL 2872830 (W.D. Pa. July 12, 2012); Tra Indus., Inc. v. Valspar Corp., Civ. No. 10-026-JLQ, 2010 WL 2854251 (E.D. Wash. July 19, 2010); Saint Francis Home Med. Equip., L.L.C. v. Sunrise Med.

HHG, Inc., Civ. No. 08-224-TCK-PJC, 2009 WL 2461327 (N.D. Okla. Aug. 10, 2009).

While a "fact specific, case-by-case analysis" is appropriate, Sibcoimtrex, 241 F. Supp. 2d at 109, the reasoning followed by other courts in other fact patterns is applicable to the instant case. Duro asserts, and Sunbelt does not dispute, that Duro's principal place of business is in Fall River, Massachusetts, and that Sunbelt's principal place of business is in Rock Hill, South Carolina. See Compl. ¶¶1-2. The forum selection clause in question would require Duro to litigate any disputes in Sunbelt's home state, in a forum far from Duro's own principal place of business and state of incorporation. Enforcement of the forum selection clause would entail "[s]ubtle differences in courts, jurors and law . . . and considerations of litigation expense . . . [that] most merchants would consider important." Prod. Components, 568 F. Supp. at 654. The court, therefore, finds that Sunbelt's forum selection clause is a material alteration to the contract within the meaning of §2-207(2)(b). Consequently, this provision is not part of the contract between the parties.[1]

---

[1] The same paragraph in Sunbelt's invoice containing the forum selection clause also provides that any disputes between the parties will be governed by the law of South Carolina. The court is not now deciding the separate issue of whether this choice of law provision represents a material alteration to the

Sunbelt's motion to dismiss is being denied on the foregoing grounds, therefore, and it is not necessary for the court to address Duro's assertion that the contract between the parties was perfected before Sunbelt's invoice was delivered or its assertion that the forum selection clause was printed too inconspicuously to be enforceable.

III. SUNBELT'S REQUEST TO RESERVE FURTHER ARGUMENT

Sunbelt states that its motion to dismiss is based on Federal Rules of Civil Procedure 12(b)(2), (3), (4) and (6). It adds, however, that it "reserves argument on its Rule 12(b)(6) motion until such time as the Court determines jurisdiction and venue, so not to waive or otherwise forfeit its 12(b)(6) arguments." Sunbelt's Mot. to Dismiss at 1 n.1. The court will not now permit Sunbelt to present additional argument in support of dismissal.

"[A] party that makes a motion under [Rule 12] must not make another motion under [Rule 12] raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2). Rule 12 "requires litigants to consolidate certain dismissal arguments in a single motion," Ennenga v. Starns, 677 F.3d 766, 772-73 (7th Cir.

---

contract. As noted above, the parties' submissions on the current motion assume that the law of Massachusetts applies.

2012), in order to "eliminate unnecessary delays in the early pleading stages of a suit," Manchester Knitted Fashions, Inc. v. Amalgamated Cotton Garment & Allied Indus. Fund, 967 F.2d 688, 691 (1st Cir. 1992). The omission of known grounds for dismissal from a motion to dismiss generally amounts to a waiver of dismissal on those grounds. See Crispin-Taveras v. Municipality of Carolina, 647 F.3d 1, 7 (1st Cir. 2011); United States v. 29 Robinson Blvd., Medway, Me., Civ. No. 10-CV-11236-MLW, 2012 WL 3947628, at *7 (D. Mass. Sept. 7, 2012).

There was no basis for Sunbelt's stated concern that it might forfeit certain arguments by raising them in its original motion to dismiss. Rule 12(b) provides that "[n]o defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion." See also Solo Cup Co. v. Paper Mach. Corp., 359 F.2d 754, 758 (7th Cir. 1966). Rather, Sunbelt's attempt to "reserve[] argument" concerning another potential basis for dismissal was essentially "an attempt to proceed piecemeal in contravention of Rule 12." 4 MVR, LLC v. Warren W. Hill Const. Co., Inc., Civ. No. 12-10674-DJC, 2013 WL 310290 (D. Mass. Jan. 25, 2013).

Accordingly, the court is ordering that Sunbelt answer the complaint. In its answer, Sunbelt will be permitted to include defenses that could also have been asserted in support of a

9

motion to dismiss for failure to state a claim. See Fed. R. Civ. P. 12(h); Ennenga v. Starns, 677 F.3d 766, 772-73 (7th Cir. 2012); Alves v. Daly, Civ. No. 12-10935-MLW, 2013 WL 1330010, at *6 (D. Mass. Mar. 29, 2013).

IV. ORDER

In view of the foregoing, it is hereby ORDERED that:

1. Sunbelt's Motion to Dismiss (Docket No. 5) is DENIED.

2. Sunbelt shall answer the complaint by April 25, 2014.

3. A scheduling conference will be held on May 19, 2014, at 4:00 p.m. The parties shall comply with the attached Notice concerning the scheduling conference.

/s/ Mark L. Wolf
UNITED STATES DISTRICT JUDGE
